PEOPLE v OLSSON

OPINION OF THE COURT

1. HOMICIDE—MURDER—FIRST-DEGREE MURDER—PREMEDITATION—DE-
    LIBERATION—INFERENCES.

The elements of premeditation and deliberation may be reason-
ably inferred from all the facts and circumstances surrounding
a homicide, and it is error for a trial court to submit a charge
of first-degree murder to the jury only when there is no
evidence from which the jury could properly infer the presence
of premeditation and deliberation.

2. HOMICIDE—MURDER—FELONY MURDER—EVIDENCE OF FELONY.

Submission of a charge of felony murder to the jury was erro-
neous where the prosecution presented no evidence to show,
even by inference, that the defendant was guilty of a felony
other than the killing.

3. HOMICIDE—MURDER—FIRST-DEGREE MURDER—FELONY MURDER—
    JURY VERDICT.

A jury verdict finding a defendant guilty of murder in the first
degree cannot be sustained where the defendant was charged
with both premeditated first-degree murder and felony murder
and the evidence was legally insufficient to support a conviction
on the felony-murder theory; it is impossible to determine from
the verdict whether the jury convicted the defendant of pre-
meditated and deliberate murder or of the impermissible
charge of felony murder.

4. HOMICIDE—MURDER—FIRST-DEGREE MURDER—FELONY MURDER—
    INSTRUCTIONS TO JURY—UNANIMOUS VERDICT—COMPROMISE
    VERDICT.

Instructions did not sufficiently inform the jury of the necessity

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 44–48, 52.
[2] 40 Am Jur 2d, Homicide § 72.
[3, 7] 40 Am Jur 2d, Homicide §§ 542–544.
[4] 40 Am Jur 2d, Homicide §§ 525–535.
[5] 40 Am Jur 2d, Homicide § 417.
  Admissibility of photograph of corpse in prosecution for homicide or
    civil action for causing death. 73 ALR2d 769.
[6] 40 Am Jur 2d, Homicide §§ 425–458.

for a unanimous verdict where the defendant was charged with, and the jury instructed upon, two separate theories of first-degree murder, premeditated murder and felony murder, and the court instructed the jury only that their verdict must be unanimous, thereby leaving open the possibility that the jury could arrive at a compromise verdict, that is, some of the members may have felt the defendant was guilty of murder in the perpetration of a felony while the remaining members may have felt he was guilty of premeditated murder.

5. HOMICIDE—EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY—JUDICIAL DISCRETION.

The admissibility of photographs is a matter for the discretion of the court, and that discretion was not abused where the court admitted photographs of the victim of a homicide which, while not "nice pictures", were not inflammatory nor any more gruesome than some of the testimony by witnesses.

DISSENT BY V. J. BRENNAN, J.

6. HOMICIDE—MURDER—FELONY MURDER—EVIDENCE—SUFFICIENCY OF EVIDENCE—PRIMA FACIE CASE.

*Sufficient evidence to constitute a prima facie case of homicide in the perpetration of a robbery or larceny was presented where the record shows that the victim's wallet, identification, personal effects and money were missing from his shipboard cabin where the homicide took place, the defendant could not be found immediately after discovery of the body, the defendant left the ship and travelled to another city without the necessary permission and without his passport, and when the defendant was apprehended he possessed some gloves stained by blood of the same type as that of the victim.*

7. HOMICIDE—MURDER—FIRST-DEGREE MURDER—FELONY MURDER—JURY—COMPROMISE VERDICT.

*There is no compromise in a verdict of "guilty in the first degree" where a jury has enough evidence to return a verdict of guilty of first-degree murder under either a theory of murder with premeditation and deliberation present or under the felony-murder rule theory with evidence of robbery and killing present.*

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 March 6, 1974, at Grand Rapids. (Docket No. 13903.) Decided November 25, 1974.

Ralf B. R. Olsson was convicted of first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and BASHARA, JJ.

T. M. BURNS, P. J. Defendant Ralf Berne Roland Olsson was convicted by a jury of first-degree murder pursuant to MCLA 750.316; MSA 28.548. He was sentenced to life imprisonment and now appeals as of right.

On June 14, 1971, an information was filed alleging that the defendant "did wilfully, deliberately and premeditatedly and of his malice aforethought and during the perpetration of a larceny or robbery murder Per Torolf Baevre * * * ". Mr. Baevre was fatally stabbed in his cabin aboard the Norwegian merchant ship "Bolinas" while the vessel was docked in the Saginaw River at Bay City, Michigan, on May 16, 1971.

Defendant was a second cook on the "Bolinas". Evidence presented at trial showed that defendant was angry with the victim due to the fact that the crew had complained to defendant about meals, rather than complaining to the victim, who was the steward under whom defendant worked. Defendant had told the crew that there was no variation in the meals because the victim would not give the defendant the proper materials to work with.

The record also reveals that after the victim's body was discovered and the police were notified, the police searched the cabin for the victim's wallet, money, and identification papers, but all of these personal effects were missing. The police also attempted to locate the defendant, but he did not report for work that morning, and his whereabouts were unknown.

Defendant testified that he never had any personal trouble with the victim. Defendant further testified that during the period in question he suffered an "alcoholic blackout" due to excessive drinking and stated that he did not know if he killed the victim because he could not remember what he did on the night in question.

Although defendant has raised numerous issues in this Court, we think it necessary to deal with four which will be treated in the manner presented below.

Defendant first asserts that the evidence presented at trial was insufficient to prove murder in the first degree.

The information in this case charged defendant with both statutory first-degree murder and with felony-murder, all in one count. Defendant's argument that the prosecution failed to prove premeditation and deliberation beyond a reasonable doubt in relation to the charge of statutory first-degree murder is not well taken.

The elements of premeditation and deliberation may be reasonably inferred from all the facts and circumstances surrounding a homicide. *People v Vail,* 49 Mich App 578; 212 NW2d 268 (1973); *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971). It is only where there is no evidence presented from which the jury could properly infer the presence of premeditation and deliberation

that it is error for the trial court to submit a charge of first-degree murder to the jury. *People v Meier,* 47 Mich App 179; 209 NW2d 311 (1973). After carefully reviewing the records in the present case, we conclude that there was sufficient evidence presented by the prosecution from which the jury could have properly inferred the existence of premeditation and deliberation. Consequently, the trial court did not err by submitting the first-degree murder charge to the jury on the question of premeditation and deliberation.

However, defendant is correct in his contention that the evidence at trial was insufficient to support a guilty verdict of first-degree murder during the perpetration of a robbery or larceny. An essential requirement in a first-degree murder prosecution under the felony-murder theory is proof of one of the independent felonies listed in the statute. The two felonies listed in the information in the case at bar were larceny and robbery. However, the prosecution presented no evidence to show, even by inference, that the defendant was guilty of a felony other than the killing. The evidence presented at the trial only showed that the victim's money, wallet, identification and personal effects were missing from his cabin. None of these items were found in defendant's possession when he was arrested, nor were they discovered in his room aboard the ship. Nor did the prosecution introduce any other evidence to prove that the defendant had committed either a robbery or a larceny. We conclude that there was not sufficient evidence presented by the prosecution from which the jury could properly have inferred that the homicide was committed in the perpetration of a robbery or larceny. Therefore, the trial court erred by submitting the felony-murder charge to the jury.

Defendant's second claim of error is directly related to the issue already discussed. Defendant contends that the jury's verdict of "guilty in the first degree" was invalid where the jury was charged on alternative theories and did not indicate upon which theory it relied for its verdict.

As previously stated, the information in this case charged defendant, in a single count, with statutory first-degree murder and with felony murder. The jury, in its verdict, simply stated that "we find the defendant guilty in the first degree". It is impossible to determine from this verdict whether the jury relied upon the statutory first-degree murder charge involving premeditation and deliberation, or upon the felony-murder charge, or both.

Since, as we have stated, the evidence was legally insufficient to support a conviction of murder committed in the perpetration of a larceny or robbery due to the fact that there was not adequate proof of one of the independent felonies, we cannot conclusively state that the jury did not convict defendant of that charge. This conclusion entitles defendant to a reversal of his conviction and a new trial.

Defendant's next related claim is that the trial court's instructions failed to inform the jury of their obligation to reach a unanimous verdict. The trial court instructed the jury on two theories of first-degree murder, felony-murder and premeditated murder. However, defendant contends that the trial court's failure to charge the jury that a verdict on either theory must be unanimous was reversible error entitling defendant to a new trial.

The trial court, in instructing the jury, stated:

"Now in order to convict a defendant of murder in the first degree, you must be satisfied that he intended to kill Per Torolf Baevre and that the killing was

wilful, deliberate and premeditated *or* that he committed it in the perpetration of a robbery or a larceny of any kind." (Emphasis added.)

\* \* \*

"There are four verdicts available to you under the instructions I have given you; guilty of first-degree murder, guilty of second-degree murder, guilty of manslaughter, or not guilty. Now, your verdict, when you render your verdict, must be a unanimous verdict of the twelve that will sit on this matter."

We feel that these instructions did not adequately inform the jury of their duty to make a unanimous finding as to whether defendant was guilty of premeditated murder or murder in the perpetration of a felony. We agree with defendant that on the basis of these instructions, it is possible that the jury arrived at a compromise verdict, that is, some members of the jury may have felt defendant was guilty beyond a reasonable doubt of murder in the perpetration of a robbery or larceny while the remaining members may have felt that defendant was guilty beyond a reasonable doubt of premeditated murder. Such a verdict would not be unanimous and could not convict defendant. GCR 1963, 512.1.

Defendant's final assertion is that the trial court improperly admitted into evidence certain photographs of the victim.

At trial, several photographs of the victim and his wounds were admitted into evidence. Defendant contends that these photographs were neither necessary in this case to prove any material point, nor were they instructive on any important matter.

The admissibility of photographs is a matter for the discretion of the court. *Perri v Tassie,* 293

Mich 464; 292 NW 370 (1940); *People v Turner,* 17
Mich App 123; 169 NW2d 330 (1969).

In *People v Eddington,* 387 Mich 551; 198 NW2d
297 (1972), our Supreme Court, directing itself to
the claim that because other witnesses could have
testified with regard to the crime and the defense
admitted it was committed with malice the judge
abused his discretion in admitting certain photo-
graphs, stated, p 562:

"We are unable to agree with such an evidentiary
rule. The people are not required to present their case
on any theory of alternative proofs.

"In a criminal case, the burden is upon the people to
prove every element of the crime charged. These are
not nice pictures but they are not any more gruesome
than some of the testimony by witnesses. The pictures
showed the victims as they were found. The pictures
depict the *corpus delicti.* The admission of such evi-
dence is in the sound discretion of the trial judge."

Such is the case here. Though the photographs
in this case were not "nice pictures", they also
were not any more gruesome than some of the
testimony by witnesses. A thorough examination
of the exhibits convinces us that these photographs
were not inflammatory. The trial court did not
abuse its discretion by allowing these photographs
into evidence.

For the reasons set forth above, we reverse and
remand for a new trial.

BASHARA, J., concurred.

V. J. BRENNAN, J. *(dissenting).* I must dissent in
this matter as my reading of the record presents
an entirely different picture for analysis than it
did for my associates on the panel. My colleagues
contend that the evidence at trial was insufficient

to support a guilty verdict of first-degree murder during the perpetration of a robbery or larceny. I disagree.

The record shows that the victim's wallet, identification, personal effects, and money were missing from his cabin; that the defendant was nowhere to be found immediately after the body was discovered; that the defendant, after being ashore once during the night in question, left the ship and travelled to Detroit without getting the necessary permission slip from the ship's captain and without his passport; and that when the defendant was apprehended he had in his possession some leather gloves stained by blood determined to be of the same type as that of the victim. This was sufficient evidence to constitute a *prima facie* case of homicide in the perpetration of a robbery or larceny. Whether or not this evidence was adequate to convict defendant beyond a reasonable doubt was properly left to the jury.

As to the arguments concerning the court's instructions I find, after rereading them, that the jurors were specifically told that they must reach a unanimous verdict. In reading the instructions as a whole, I find they were fair, complete and understandable.

The main opinion refers to this as being a compromise verdict. When a jury has enough evidence, as here, to return a verdict of guilty of first-degree murder under *either theory,* that is, the statutory murder charge with premeditation and deliberation present or under the felony-murder rule theory with evidence of robbery and killing present, then there is clearly no compromise.

I would affirm this conviction.