PEOPLE v BURGESS

1. CRIMINAL LAW—PRINCIPAL—AIDER AND ABETTER—REASONABLE
   DOUBT—JURY INSTRUCTIONS—COURT RULES.

   The guilt of a principal must be found beyond a reasonable doubt
   before a defendant can be convicted of aiding and abetting the
   principal in the commission of a felony and the trial judge
   must properly instruct the jury in this regard; where the jury
   has been instructed as to the reasonable doubt standard and
   that another's direct commission of the felony was a condition
   precedent to finding the defendant guilty, there has been
   sufficient instruction on this point (GCR 1963, 516.2).

2. CRIMINAL LAW—AIDER AND ABETTER—INTENT—JURY INSTRUCTIONS.

   An aider and abetter must, at the time of giving the aid, intend
   the commission of the crime charged and the jury must be
   adequately instructed as to the requisite intent that needs to be
   possessed by an aider and abetter; this requirement was ful-
   filled where the trial court at one point instructed the jury that
   in order to convict a defendant as an aider and abetter the jury
   would need to find that the defendant possessed the same
   intent to commit the crime that the principal possessed and at
   a later point fully instructed the jury as to the requisite intent
   of a principal.

3. CRIMINAL LAW—JURY INSTRUCTIONS—AIDER AND ABETTER—PRINCI-
   PAL—INTENT.

   An instruction to the jury on alternative theories of a defendant's
   guilt—either as a principal or as an aider and abetter—that
   fails to instruct the jury that a verdict on either theory must be
   unanimous is not prejudicial to the defendant where he has
   been convicted as an aider and abetter because the jury could
   not have reached an improper compromise verdict since those
   members who felt that the defendant was guilty as the princi-
   pal would have necessarily also found him guilty as an aider
   and abetter.

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 115–123.

4. CRIMINAL LAW—PRINCIPAL—AIDER AND ABETTER.

The defendant was not prejudiced by some jurors finding his participation to be more substantial than did other jurors, in view of the abolition of the common law distinction between a principal and an aider and abetter, where both the prosecution and defense theories of the case were predicated upon the guilt of another individual as the principal; to have a conviction as an aider and abetter there must be an individual found to be the principal.

Appeal from Recorder's Court of Detroit, Samuel C. Gardner, J. Submitted January 16, 1976, at Detroit. (Docket No. 21310.) Decided February 9, 1976. Leave to appeal denied, 397 Mich —.

Otis Burgess was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, Patricia J. Boyle, Principal Attorney, Research, Training and Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and BASHARA and ALLEN, JJ.

McGREGOR, P. J. Defendant, Otis Burgess, was charged with assault with intent to commit murder (MCLA 750.83; MSA 28.278) but was convicted by a jury of the lesser included offense of assault with intent to do great bodily harm less than murder (MCLA 750.84; MSA 28.279). Subse-

quently, defendant was sentenced to a term of 2 to 10 years in prison. He now appeals as a matter of right.

Three of the issues raised by the defendant relate to the trial court's instructions to the jury regarding defendant's possible guilt as an aider and abetter.

After instructing the jury on the elements of the principal offense and two lesser included offenses,[1] the trial court gave the following instructions:

"You are instructed that it is the law of Michigan in felony cases such as this one, that all parties who are concerned in the commission of the felony, whether they directly commit the act constituting the felony, or, aid and abet in its commission, are held to be equally responsible. So that whether a party commits by himself the entire act which constitutes a felony, or, if he is concerned with another in its commission, if he aids another in its commission, if he assists another in its commission by word or deed, either by words of encouragement, assistance, or support, or by actions giving encouragement, assistance or support, either party under these circumstances would, in the eyes of the law, be held to be equally responsible; that is, so far as their personal guilt or innocence is concerned.

\* \* \*

"Now there are four possible verdicts in this case. One, Guilty of Assault with Intent To Commit Murder. Two, Guilty of Assault With Intent To Do Great Bodily Harm Less Than The Crime of Murder. Three, Guilty of Felonious Assault. Four, Not Guilty.

"Your verdict must be unanimous."[2]

Defendant first contends that the above instructions were erroneous in that the trial court failed to inform the jury that, in order to convict the

---

[1] The second lesser included offense was felonious assault, MCLA 750.82; MSA 28.277.

[2] Defense counsel did not object to these instructions and expressed his satisfaction with the trial court's entire charge to the jury.

defendant as an aider and abetter, they must first find that the guilt of the principal was proved beyond a reasonable doubt.

While we agree with defendant's above proposition of law,[3] we cannot agree with defendant's contention that the trial court failed adequately to instruct the jury on this element.

The trial court twice instructed the jury that a defendant could be held criminally responsible for a felony if, by his actions, he aided or abetted another in the felony's commission. Thus, the jury was informed that another individual's direct commission of the felony was a condition precedent to finding the aider and abetter guilty. Consequently, before the jury could conclude that the defendant was guilty as an aider and abetter of either the charged offense or one of the lesser included offenses, it was necessary for them to determine that the principal had, in fact, directly committed that felony. In addition, the trial court's instruction on reasonable doubt sufficiently informed the jury of the burden of proof necessary to establish the principal's guilt.

Moreover, the defendant admitted the principal's guilt at trial. The theory of the defense was that the other individual did commit a felony, but did so without any participation whatsoever by the defendant.

Thus, while the trial court certainly could have been more explicit in instructing the jury on this element, we conclude that the instruction given was adequate and did not result in a manifest injustice. GCR 1963, 516.2.

Defendant's second contention is similar to the

---

[3] See People v Tunnacliff, 375 Mich 298; 134 NW2d 682 (1965), People v Hoaglin, 262 Mich 162; 247 NW 141 (1933), People v Parks, 57 Mich App 738; 226 NW2d 710 (1975).

first. He argues that the above instruction also failed to inform the jury that an aider and abetter must, at the time of giving the aid, intend the commission of the crime charged.

We also agree with this proposition of law,[4] but, again, we cannot agree with the defendant's contention that this element was not adequately covered by the trial court's instructions to the jury.

In the above quoted instruction, the trial court twice pointed out that, in order for an aider and abetter to be held equally responsible with the principal, both the aider and abetter and the principal had to be "concerned" with the commission of the felony.

While this instruction, standing alone, might be insufficient, when coupled with the trial court's other instructions, it adequately informs the jury of the requisite intent that need be possessed by an aider and abetter. The trial court had previously fully explained the elements of and the intent required to perpetrate the charged offenses. Further, the jury was instructed that the law treats an aider and abetter in the same manner as it treats a principal. Thus, the jury was told that, in order for them to convict the defendant as an aider and abetter, they would need to find that he possessed the same intent to commit the crime that the principal possessed. Since the trial court fully explained the requisite intent of a principal to the jury, it necessarily follows that they were also properly instructed on the requisite intent of an aider and abetter.

Consequently, this instruction, like the first, does not warrant the reversal of defendant's conviction.

---

[4] *See People v McKeighan,* 205 Mich 367; 171 NW 500 (1919), *People v Poplar,* 20 Mich App 132; 173 NW2d 732 (1969).

Defendant next contends that the trial court committed reversible error in instructing the jury on the alternative theories of defendant's possible guilt—either as a principal or as an aider and abetter—but that it failed to instruct the jury that a verdict on either theory must be unanimous. In so arguing, defendant relies on *People v Olsson,* 56 Mich App 500; 224 NW2d 691 (1974).

In *Olsson,* the defendant was charged with first-degree murder. The jury was instructed on two alternative theories of guilt—either felony-murder or premeditated murder. The jury was not instructed, however, that it must be unanimous as to the exact degree of guilt. Our Court reversed, finding that the trial court's instructions failed to assure a unanimous verdict. The Court stated:

"We feel that these instructions did not adequately inform the jury of their duty to make a unanimous finding as to whether defendant was guilty of premeditated murder or murder in the perpetration of a felony. We agree with defendant that on the basis of these instructions, it is possible that the jury arrived at a compromise verdict, that is, some members of the jury may have felt defendant was guilty beyond a reasonable doubt of murder in the perpetration of a robbery or larceny while the remaining members may have felt that defendant was guilty beyond a reasonable doubt of premeditated murder. Such a verdict would not be unanimous and could not convict defendant. GCR 1963, 512.1." 56 Mich App 506.

Despite the apparent similarities, we find *Olsson, supra,* to be distinguishable from the present case. There, the alternative theories were felony-murder and premeditated murder. Thus, it was possible that some members of the *Olsson* jury could have found that the defendant committed a premeditated murder but no felony, while the

other members could have reached exactly the opposite conclusion. Consequently, the jury may not have reached a unanimous verdict on the defendant's guilt of first-degree murder. This would be the case because, if some members of the jury felt that the defendant did not commit the underlying felony, then the jury could not have found the defendant guilty of felony-murder. Additionally, if other members of the jury felt that the defendant did not premeditate, then, similarly, the defendant could not have been found guilty of premeditated murder. Therefore, it was possible in the *Olsson* case that the jury reached an improper compromise verdict since the defendant may not have been convicted of first-degree murder if the jury had been properly instructed.

In the present case, however, such prejudice to the defendant could not have occurred.

To convict the defendant as an aider and abetter, the jury had to find (1) the principal's guilt of the charged offense, (2) that the defendant supported or encouraged the principal in the commission of the charged offense, and (3) that the defendant himself entertained the requisite intent of the charged offense. On the other hand, to convict the defendant as the principal, the jury would have had to have found that defendant committed one of the charged offenses while harboring the same requisite intent.

Based on the evidence in the present case, even assuming that some members of the jury felt that the defendant was guilty as a principal while others felt that he was guilty as an aider and abetter, the jury nevertheless could not have reached an improper compromise verdict, since those members who felt that the defendant was guilty as the principal would have necessarily also found him guilty as an aider and abetter.

As noted above, the requisite intent of an aider and abetter is the same as the requisite intent of a principal. Thus, those members of the jury who may have found the defendant guilty as the principal would have found him to possess the same intent required of an aider and abetter. In addition, under the facts of the present case, those jury members who felt that the defendant was guilty as a principal would also have had to have found him to be a co-principal with the individual who actually assaulted the victim. This being the case, the defendant's participation in the crime would have been more than is required to satisfy the "giving aid" element of an aider and abetter's criminal liability. As a result, this element was proven to the satisfaction of all members of the jury.

This leaves only the "guilt of the principal" element for possible application of the *Olsson* rationale. Defendant seeks to invoke this rationale by arguing that possibly some members of the jury could have found the defendant guilty as the principal and the other individual not guilty, while the remaining members of the jury could have found the other individual guilty as the principal but the defendant guilty only as an aider and abetter. We find the possibility that some members of the jury found the defendant guilty as the principal while finding the other individual not guilty to be inconceivable under the facts of the present case. Those members of the jury would not only have to reject the undisputed proof that the defendant's guilt as a principal could only be premised upon the fact that he was the co-principal with the other individual, but they would also have to reject completely both the defense and prosecution theories of the case, since both were predicated upon the guilt of the other individual.

Thus, in order for those members of the jury to find the defendant guilty as a principal, they would also have to have found his co-principal to be equally guilty.

Consequently, even if defendant's basic premise that the jury may have found him guilty without ascertaining the exact theory of guilt is true,[5] the defendant was not prejudiced thereby, since all the jurors found him guilty of at least aiding and abetting. With the abolition of the common law distinction between a principal and an aider and abetter,[6] the defendant cannot complain if some members of the jury found his participation in the crime to be more substantial than did the remaining members of the jury. Under these circumstances, we conclude that any error in this portion of the trial court's charge must be considered harmless.

Thorough examination of the other issues raised by the defendant reveals no error which would require the reversal of the defendant's conviction.

Affirmed.

---

[5] This premise is not born out by the actions of the jury. They requested and were given supplemental instructions on the definition and application of the law pertaining to aiding and abetting. This would seem to indicate that they were aware of the separate theories of guilt and, more likely than not, proceeded accordingly.

[6] MCLA 767.39; MSA 28.979.