PEOPLE v EMBREE

OPINION OF THE COURT

1. HOMICIDE—MURDER—ALTERNATIVE COUNTS—FELONY MURDER—
   PREMEDITATION—JURY—UNANIMOUS VERDICT—STATUTES.

   A defendant charged with alternative counts of premeditated and
   felony murder is not entitled to know upon which theory of
   first-degree murder he was convicted by a jury, in order to
   insure his right to a unanimous verdict, where sufficient evi-
   dence exists to support a conviction on either count (MCLA
   750.316; MSA 28.548).

2. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—
   PREMEDITATION—FELONY MURDER.

   Premeditation and proof of a felony both serve the same purpose
   of elevating an otherwise second-degree murder to the crime of
   murder in the first degree.

3. APPEAL AND ERROR—CRIMINAL LAW.

   Appellate courts should not reverse a conviction unless the error
   was prejudicial.

DISSENT BY D. E. HOLBROOK, JR., J.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—RIGHT TO FAIR TRIAL.

   *The right to a properly instructed jury is fundamental to the
   right to receive a fair trial.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 534.
[2, 7–9, 11] 40 Am Jur 2d, Homicide § 72.
[3] 5 Am Jur 2d, Appeal and Error § 968.
[4] 75 Am Jur 2d, Trial § 607.
[5] 5 Am Jur 2d, Appeal and Error § 553.
   75 Am Jur 2d, Trial § 906.
[6] 75 Am Jur 2d, Trial § 884.
[10] 5 Am Jur 2d, Appeal and Error § 810.

5. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—
FAILURE TO OBJECT—RIGHT TO FAIR TRIAL.

*Failure to object to jury instructions ordinarily precludes appellate review; however, an appellate court should not require an objection to preserve an issue for review where the instructional error strikes deeply at the right to a fair trial, particularly where the alleged error concerns an. erroneous or misleading instruction rather than one that merely omits a pertinent point.*

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—UNANIMOUS VERDICT—
REASONABLE DOUBT—PROOFS—ELEMENTS OF CRIME.

*A trial court is required to inform the jury that they must unanimously agree that the prosecution has proven* all *of the elements of the crime charged beyond a reasonable doubt.*

7. HOMICIDE—FIRST-DEGREE MURDER—ALTERNATIVE ELEMENTS—PRE-
MEDITATION—FELONY MURDER—STATUTES.

*The first-degree murder statute, unlike most other criminal statutes, allows the prosecutor to prove the crime through the use of alternative elements: he may show that te defendant committed a common law murder with deliberation and premeditation or he may show that the defendant committed a common law murder during the perpetration or attempted perpetration of one of the enumerated felonies (MCLA 750.316: MSA 28.548).*

8. HOMICIDE—MURDER—PREMEDITATION.

*The prosecution must show that a defendant had time to reflect on his actions in order to show that a murder was premeditated.*

9. HOMICIDE—FELONY MURDER—ACCIDENTAL KILLINGS—STATUTES.

*An accidental killing committed during the perpetration or attempted perpetration of one of the enumerated felonies is first-degree murder (MCLA 750.316; MSA 28.548).*

10. CRIMINAL LAW—INSTRUCTIONS TO JURY—HARMLESS ERROR—MATE-
RIAL MATTERS.

*An erroneous jury instruction on a material matter must be regarded as prejudicial where the error is not corrected or cured in the charge to the jury.*

11. HOMICIDE—FIRST-DEGREE MURDER—PREMEDITATION—FELONY
MURDER—INSTRUCTIONS TO JURY—UNANIMOUS VERDICT—FAIL-
URE TO OBJECT.

*The jury in a first-degree murder trial of a defendant charged with alternative counts of premeditated and felony murder*

*should be instructed that they are required to unanimously agree that the prosecution has proven each element of either count in order to convict the defendant; failure to do so is reversible error even though the defendant failed to object.*

Appeal from Kent, George V. Boucher, J. Submitted December 2, 1975, at Grand Rapids. (Docket No. 21493.) Decided March 23, 1976. Leave to appeal applied for.

Richard D. Embree was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, *Donald A. Johnston III,* Chief Assistant Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for the people.

*Bergstrom, Slyhouse & Shaw, P. C.* (by *James G. Black),* for defendant.

Before: DANHOF, P. J., and QUINN and D. E. HOLBROOK, JR., JJ.

QUINN, J. Defendant was charged with first-degree murder in a two-count information. Count I charged deliberate and premeditated murder; count II charged felony murder. Both offenses are specified in MCLA 750.316; MSA 28.548 as murder in the first degree. The evidence at trial supported both counts. The jury verdict was guilty of first-degree murder. Defendant was sentenced and this appeal followed.

The only issue raised that merits discussion is stated by defendant as follows:

*"Did the trial court's instructions fail to adequately*

*inform the jury as to their obligation to reach a unanimous verdict?"*

This issue was not preserved for appeal, but it has been resolved contrary to defendant's position, *People v Fullwood,* 51 Mich App 476, 481; 215 NW2d 594 (1974), *lv den,* 393 Mich 785 (1975). Furthermore, as stated in *People v Sparks,* 53 Mich App 452, 458; 220 NW2d 153 (1974), *lv den,* 393 Mich 135; 224 NW2d 481 (1974):

"Functionally, premeditation and the proof of a felony serve the same purpose, elevating an otherwise second-degree murder to the crime of murder in the first degree."

Finally, "appellate courts should not reverse a conviction unless the error was prejudicial", *People v Robinson,* 386 Mich 551, 562; 194 NW2d 709 (1972). If any error occurred, no prejudice has been shown.

Affirmed.

DANHOF, P. J., concurred.

D. E. HOLBROOK, JR., J. *(dissenting).* I cannot agree with all the conclusions that the majority draws about the adequacy of the trial court's instructions on unanimity. First, in spite of defense counsel's failure to object, the issue is properly before this Court. Second, even though the issue once was decided adversely to the defendant, *People v Fullwood,* 51 Mich App 476, 481; 215 NW2d 594 (1974), *lv den,* 393 Mich 785 (1975), another panel of this Court has resolved the issue in the defendant's favor. *People v Olsson,* 56 Mich App 500, 505–506; 224 NW2d 691 (1974), *lv den,* 394 Mich 772 (1975). Finally, such an error can

never be harmless. For these reasons I must register my dissent to the decision reached herein by this Court.

The right to a properly instructed jury is fundamental to the right to receive a fair trial. *People v Reed,* 393 Mich 342, 349; 224 NW2d 867 (1975), *People v Visel,* 275 Mich 77, 81; 265 NW 781 (1936). While the failure of defense counsel to object ordinarily precludes appellate review, GCR 1963, 516.2, in certain instances the instructional error may strike so deeply at this fundamental right that an appellate court should not require an objection to preserve the issue for review. *People v Townes,* 391 Mich 578, 586; 218 NW2d 136 (1974). This is especially true when the alleged error concerns an erroneous or misleading instruction rather than one that merely omits a pertinent point. *People v Guillett,* 342 Mich 1, 7; 69 NW2d 140 (1955), *People v McGuire,* 39 Mich App 308, 316; 197 NW2d 469 (1972), *lv den,* 387 Mich 810 (1972).

In order for the jury to be properly instructed, it is necessary for the trial court to inform the jury that they must unanimously agree that the prosecutor has proven *all* of the elements of the crime charged beyond a reasonable doubt. Constitution 1963, art I, § 14, *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970), see Proposed Michigan Criminal Jury Instructions, ch 2, Presumption of Innocence [6], p 72, Burden of Proof [8], p 73 (1975). Because the jury was simply instructed to return a verdict of guilty of first-degree murder, second-degree murder, not guilty by reason of insanity, or not guilty, the jury was not required to unanimously agree on all the elements of first-degree murder.

This problem arises because the first-degree

murder statute, MCLA 750.316; MSA 28.548, unlike most other criminal statutes, allows the prosecutor to prove the crime through the use of alternative elements. *People v Carter,* 395 Mich 434, 437; 236 NW2d 500 (1975), *cf. People v Sparks,* 53 Mich App 452, 458; 220 NW2d 153 (1974), *lv den,* 393 Mich 135; 224 NW2d 481 (1974). To prove the charge contained in count one of the information the prosecutor must show beyond a reasonable doubt to the satisfaction of all twelve jurors that the defendant committed a common law murder[1] and that the defendant acted with deliberation and premeditation. *People v Vail,* 393 Mich 460, 468; 227 NW2d 535 (1975). To obtain a conviction on the charge contained in count two of the information, the prosecutor must prove beyond a reasonable doubt to the satisfaction of all twelve jurors that the defendant committed a common law murder during the perpetration or attempted perpetration of one of the enumerated felonies.[2] *People v Wimbush,* 45 Mich App 42, 46; 205 NW2d 890 (1973), *lv den,* 390 Mich 770 (1973).

While the two counts are not inconsistent, *State v Wright,* 337 Mo 441, 443–444; 85 SW2d 7, 8 (1935), I believe that the aggravating element under each of the two counts is unique. Accord, *People v Sparks, supra.* For a murder to be premeditated it is necessary for the prosecution to show that the defendant had time to reflect on his actions. Perkins on Criminal Law (2d ed), p 92. On

---

[1] Common-law murder (second-degree murder) is defined as a criminal homicide with malice aforethought. *People v Allen,* 39 Mich App 483, 501, n 17; 197 NW2d 874 (1972) (LEVIN, P. J., dissenting), adopted, *People v Allen,* 390 Mich 383, 385; 212 NW2d 21 (1973), Perkins on Criminal Law (2d Ed), p 34, *see also, People v Morrin,* 31 Mich App 301,.310–322; 187 NW2d 434 (1971), *lv den,* 385 Mich 775 (1971).

[2] The enumerated felonies are: arson, rape, robbery, burglary, larceny of any kind, extortion, or kidnapping. MCLA 750.316; MSA 28.548.

the other hand, even an accidental killing committed by the defendant during the perpetration or attempted perpetration of one of the enumerated felonies becomes first-degree murder. Perkins on Criminal Law (2d ed), p 94. See *People v Carter,* 387 Mich 397, 418; 197 NW2d 57 (1972), *Commonwealth v Redline,* 391 Pa 486, 511; 137 A2d 472, 500 (1958) (Cohan, J., concurring).

Because the aggravating elements for first-degree murder are different under the two counts, the prosecutor should not be able to bootstrap a general verdict conviction through the simultaneous use of both counts. *People v Olsson, supra.* Contra, *People v Fullwood, supra.* Such a bootstrapping operation can occur when the jurors are instructed that the prosecutor has proven first-degree murder if he has proven either count beyond a reasonable doubt. The bootstrapping occurs if some of the jurors are convinced beyond a reasonable doubt only that the murder was premeditated while other jurors believe beyond a reasonable doubt only that a murder during the course of one of the felonies has been shown. Under the instructions as given, all the jurors could then in compliance with the instructions vote to convict the defendant of first-degree murder. However, in such a case, the prosecutor has not proven his case beyond a reasonable doubt, since all the jurors have not agreed on *all* the necessary elements of the crime.

In discussing the harmless error rule[3] Justice M. S. COLEMAN recently stated:

" 'The rule is well settled in this State that if an erroneous instruction is given on a material matter and

[3] GCR 1963, 529.1, *People v Robinson,* 386 Mich 551, 562; 194 NW2d 709 (1972), *People v Swan,* 56 Mich App 22, 31; 223 NW2d 346 (1974), *People v Wichman,* 15 Mich App 110, 116; 166 NW2d 298 (1968).

the error is not corrected or cured in the charge such error must be regarded as prejudicial.' " *People v Lenkevich,* 394 Mich 117, 123; 229 NW2d 298 (1975), quoting *People v Kanar,* 314 Mich 242, 253; 22 NW2d 359 (1946).

I regard an instruction requiring the jury to unanimously agree that the prosecution has proven each element of the crime charged in either count as being necessary when a defendant is charged in one count with premeditated murder and in another count with felony murder and hence a material matter. Accord, *People v Timothy Washington,* 43 Mich App 150, 152; 203 NW2d 744 (1972).

Because second-degree murder is first-degree murder minus the element of premeditation or the underlying felony, *People v Vail, supra,* I would reverse the defendant's conviction of first-degree murder and remand the case to the trial court for entry of a judgment of conviction of second-degree murder and resentencing. *People v Morrin,* 31 Mich App 301, 337; 187 NW2d 434 (1971). If, however, the prosecuting attorney in the exercise of his discretion is convinced that the ends of justice would be better served, he should notify the trial court before the defendant is resentenced at which time the trial court should vacate the defendant's conviction of second-degree murder and grant the defendant a new trial on the charges contained in the original information. Accord, *People v Jenkins,* 395 Mich 440, 443; 236 NW2d 503 (1975).

I would reverse the defendant's conviction.