PEOPLE v EMBREE

1. HOMICIDE—FIRST-DEGREE MURDER—APPEAL AND ERROR—INSTRUC-
    TIONS TO JURY—FAILURE TO OBJECT.

    The Court of Appeals will reverse a defendant's conviction be-
    cause of a trial judge's failure to charge a jury on the require-
    ment for unanimity on the theory of guilt in a first-degree
    murder case, in the absence of objection in the lower court,
    only upon a demonstration that manifest injustice has occur-
    red.

2. HOMICIDE—INSTRUCTIONS TO JURY—FIRST-DEGREE MURDER—FEL-
    ONY MURDER—FAILURE TO OBJECT—APPEAL AND ERROR.

    A trial judge's failure, in a homicide trial, to instruct a jury that
    if the jury found a defendant guilty of first-degree murder that
    the jury must be in unanimous agreement as to whether the
    defendant was guilty under a premeditated murder theory or a
    felony-murder theory does not mandate a reversal where there
    was no objection to the trial court's instruction and where
    there was evidence of both felony and premeditation present in
    abundance.

Appeal from Kent, Stuart Hoffius, J. Submitted
May 6, 1976, at Grand Rapids. (Docket No. 22817.)
Decided August 3, 1976.

Richard D. Embree was convicted of first-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Harold S. Sawyer,*
Prosecuting Attorney, and *Craig S. Neckers,* As-
sistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 40 Am Jur 2d, Homicide §§ 484, 485.

*Bergstrom, Slykhouse & Shaw, P. C.* (by *James G. Black),* for defendant.

Before: BASHARA, P. J., and ALLEN and C. J. HOEHN,* JJ.

C. J. HOEHN, J. Defendant was convicted of first-degree murder in violation of MCLA 750.316; MSA 28.548 following trial before a jury. He was sentenced to a term of life imprisonment. He appeals as of right.

The defendant raises several allegations of error, only one of which merits discussion. During his charge to the jury, the trial court instructed the jury on the elements of felony-murder and premeditated murder, both of which were charged in the information, as well as the lesser offenses of second-degree murder and manslaughter. He further charged the jury that they could return one of five verdicts: Guilty of first-degree murder, guilty of second-degree murder, guilty of manslaughter, not guilty by reason of insanity or not guilty. He did not instruct the jury that to return a verdict of first-degree murder they must be in unanimous agreement as to the theory of guilt, that is, either felony-murder or premeditated murder. No objection to the charge delivered was lodged by the defendant. In the absence of objection we will reverse the defendant's conviction only upon a demonstration that manifest injustice has occurred. *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972).

The precise issue raised by the defendant here was raised in *People v Embree,* 68 Mich App 40; 241 NW2d 753 (1976). On the authority of that opinion and the cases cited therein we affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In this particular case, the proof is overwhelming that defendant was guilty of both premeditated murder and felony-murder. The record leaves no question of defendant's participation in the crimes of kidnaping, robbery, rape and callous premeditated murder.

We do not accept the position of Judge D. E. HOLBROOK, JR's., dissent in *People v Embree, supra,* that that case and *People v Olsson,* 56 Mich App 500; 224 NW2d 691 (1974), *lv den,* 394 Mich 772 (1975),[1] are in opposition.

In the *Embree* case, the court found the evidence supportive of both premeditated and felony-murder. In the *Olsson* case, the court found no evidence supportive of felony-murder.

Assuming no evidence of a felony, a first-degree murder finding in which some of the jurors may have substituted felony participation to provide the requisite premeditation, the verdict of the jury should be set aside.

Where, as here, however, the evidence of felony and premeditation are present in abundance, the jury verdict should be preserved. *People v Fullwood,* 51 Mich App 476, 481; 215 NW2d 594 (1974), *lv den,* 393 Mich 785 (1975).

We would be remiss if we did not bring to the attention of the bench and bar the fact that good practice would require a trial judge to instruct the jury that its decision must be unanimous as to whether the murder was premeditated or whether it occurred as an incident of defendant's participation in one of the enumerated felonies.

Affirmed.

---

[1] The *Olsson* decision was written by Judge T. M. BURNS, concurred in by Judge BASHARA and dissented from by Judge V. J. BRENNAN.