PEOPLE v EWING (ON REMAND)

Docket No. 48934. Submitted May 7, 1980, at Lansing.—Decided November 21, 1980.

Following a mistrial due to the inability of the jury to reach a verdict, Charles M. Ewing was retried and convicted in Jackson Circuit Court, Russell E. Noble, J., of having committed first-degree murder. The Court of Appeals, by an order certified May 18, 1979, granted the peoples' motion to affirm the conviction. The Supreme Court, in lieu of leave to appeal, reversed the Court of Appeals order granting the motion to affirm and remanded the case to the Court of Appeals for plenary consideration, 407 Mich 936 (1980). The defendant argues that a delay from Friday night to Monday morning between his arrest and arraignment was unreasonable and that any incriminating statements made by him in the interim were thus rendered involuntary and inadmissible. Defendant also argues that his incriminating statements were induced by an improper promise of leniency made to him by the investigating officer, that the trial court's instructions to the jury regarding the malice element of felony murder were improper and confusing, and that the trial court failed to instruct the jury that, in order to convict defendant of first-degree murder, there must be unanimous agreement either that defendant directly committed the crime or that defendant aided and abetted the commission of the crime. This omission, defendant argues, could have resulted in the jury's reaching an improper compromise verdict. *Held:*

1. The statute prohibiting unnecessary delay between arrest

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 440, 452 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 354.
   29 Am Jur 2d, Evidence §§ 545, 547.
[3] 21 Am Jur 2d, Criminal Law § 485 *et seq.*
[4] 40 Am Jur 2d, Homicide § 548.
[5] 5 Am Jur 2d, Appeal and Error §§ 776, 778, 815.
   Admissibility of confession as affected by delay in arraignment. 19 ALR2d 1331.
[6] 21 Am Jur 2d, Criminal Law §§ 525, 546.
   76 Am Jur 2d, Trial § 1155 *et seq.*
[7] 21 Am Jur 2d, Criminal Law §§ 8, 115 *et seq.*

and arraignment does not require immediate arraignment of a defendant and imcriminating statements made during prearraignment detention should not be excluded unless the delay was used as a tool to extract a confession. There is no indication in the record that the trial court erred in finding that defendant's statements were properly admissible.

2. Where the investigating officer intimated to the defendant that there might be a possibility of leniency if the defendant cooperated during the investigation, and where any cooperation is normally taken into consideration by the trial court during sentencing, the trial court did not err in finding that the defendant's statements were voluntary and were not induced by improper promises.

3. Reading the jury instructions as a whole, the trial court adequately instructed the jury on the element of malice.

4. Although it is conceivable that the jury reached a compromise verdict, the error does not require reversal because defendant failed to object at trial to the court's instructions. No manifest injustice is apparent as there was substantial evidence of defendant's guilt both as a principal and as an aider and abettor and both are punishable by the same penalty.

Affirmed.

1. CRIMINAL LAW — PRETRIAL PROCEDURES — ARREST — ARRAIGNMENT — STATUTES.

Unnecessary delay between arrest and arraignment is prohibited by statute; the statute, however, does not require immediate arraignment of a defendant (MCL 764.26; MSA 28.885).

2. CRIMINAL LAW — EVIDENCE — PRE-ARRAIGNMENT DETENTION — INCRIMINATING STATEMENTS — ADMISSIBILITY.

An incriminating statement made during prearraignment detention should not be excluded from evidence unless the delay was used as a tool to extract a confession.

3. CRIMINAL LAW — PRETRIAL PROCEDURES — INVESTIGATING OFFICERS — PROMISES OF LENIENCY.

A criminal defendant's cooperation is normally taken into consideration by a trial court during sentencing and, it being normal practice for a presentence investigator to ask the police about a defendant's cooperation, it is not improper for an investigating officer to tell a defendant that the officer will do what he can to help the defendant and that things might go easier for the defendant if he will cooperate and tell the truth.

4. HOMICIDE — FIRST-DEGREE MURDER — AIDING AND ABETTING —
   JURY — UNANIMOUS VERDICT — COURT RULES.

   A jury must be in unanimous agreement either that a defendant
   directly committed first-degree murder or that he aided and
   abetted the commission of first-degree murder before the defen-
   dant can be convicted of that crime (GCR 1963, 512.1).

5. APPEAL — JURY INSTRUCTIONS — FAILURE TO OBJECT — MANIFEST
   INJUSTICE.

   A defendant's conviction will be reversed on the basis of an
   allegedly erroneous jury instruction, absent an objection during
   trial, only upon a demonstration that manifest injustice has
   occurred.

6. CRIMINAL LAW — JURY — GENERAL VERDICTS — SEPARATE AND
   DISTINCT OFFENSES — ERROR.

   A general verdict of guilty is erroneous where the offenses
   charged are separate and distinct in character, provable by
   substantially different evidence, and punishable by different
   penalties.

7. CRIMINAL LAW — AIDING AND ABETTING — STATUTES.

   Direct commission of a crime and aiding and abetting its commis-
   sion are both punishable by the same penalty; the evidence
   required to prove either is not substantially different, both
   require proof of the principal's guilt, and they are not separate
   and distinct in character (MCL 767.39; MSA 28.979).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward J. Grant,*
Prosecuting Attorney, and *John L. Wildeboer,* As-
sistant Prosecuting Attorney, for the people.

*Daniel J. Wright,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and T.
GILLESPIE,* JJ.

PER CURIAM. On January 2, 1976, Ronald Seger
was shot and killed in his home near Grass Lake,
Michigan. The defendant and one C. J. Green gave

* Circuit judge, sitting on the Court of Appeals by assignment.

statements indicating that Seger's death occurred during the perpetration of a robbery by them. Defendant was charged on an open count of murder. His first trial ended in a mistrial when the jury was unable to reach a verdict. Defendant was subsequently convicted by a jury of first-degree murder, MCL 750.316; MSA 28.548, on April 28, 1977. Defendant was sentenced to imprisonment for life, and he appeals as of right.[1]

Defendant was arrested at approximately 11 p.m. on Friday night, July 23, 1976. He agreed to take a polygraph examination in an attempt to clear himself. This examination was scheduled for Saturday morning, but because it was determined that he had not had sufficient rest on Friday night, the polygraph examination was rescheduled for Sunday morning. He was not questioned at any time on Saturday, July 24. On Sunday morning, the polygraph examination was administered. The results indicated that defendant was involved in the crime charged. Defendant made incriminating statements after the completion of this polygraph examination. Defendant was arraigned on Monday morning, July 26, 1976. At a *Walker*[2] hearing held to determine whether defendant's incriminating statements would be admissible at trial, the lower court found the statements to be voluntary and thus admissible.

Defendant argues that the delay between his arrest and arraignment was unreasonable and, thus, that the incriminating statements made in

---

[1] The verdict in the present case was originally affirmed by order of the Court of Appeals certified on May 18, 1979. Defendant sought leave to appeal in the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, reversed the order of the Court of Appeals and remanded to the Court of Appeals for plenary consideration, 407 Mich 936 (1980).

[2] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

the interim were rendered involuntary and inadmissible. MCL 764.26; MSA 28.885, prohibits unnecessary delay between arrest and arraignment; however, this statute does not require immediate arraignment of a defendant. *People v White,* 392 Mich 404, 424; 221 NW2d 357 (1974), *People v Roberts,* 364 Mich 60, 69; 110 NW2d 718 (1961), *People v Hamilton,* 359 Mich 410, 416-417; 102 NW2d 738 (1960). An incriminating statement made during prearraignment detention should not be excluded unless the delay was used as a tool to extract a confession. *People v Antonio Johnson,* 85 Mich App 247; 271 NW2d 177 (1978). See also *People v White, supra, People v Farmer,* 380 Mich 198; 156 NW2d 504 (1968), *People v Ubbes,* 374 Mich 571; 132 NW2d 669 (1965).

In the case at bar, defendant's incriminating statements were made one and one-half days after his arrest, but there was no indication that this delay was used as a tool to extract or coerce a confession. Upon review of the testimony presented at the *Walker* hearing, we do not possess a definite and firm conviction that the trial court erred in finding that defendant's statements were properly admissible. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974), *People v Crawford,* 89 Mich App 30, 32-33; 279 NW2d 560 (1979), *People v Sparks,* 82 Mich App 44, 46; 266 NW2d 661 (1978).

Defendant also argues that his incriminating statements were induced by an improper promise of leniency made to him by the investigating officer. *People v Pallister,* 14 Mich App 139; 165 NW2d 319 (1968). A review of the *Walker* hearing record discloses that the investigating officer told defendant that he would do what he could to help and that things would go easier for defendant if he

would cooperate and tell the truth. He also testified that it was normal practice for the presentence investigator to ask the police about a defendant's cooperation, and so he told defendant that an accused's cooperation is normally taken into consideration by the trial court during sentencing. We agree with the trial court that defendant's statements were voluntary and were not induced by improper promises. *People v McGillan #1, supra, People v Crawford, supra, People v Sparks, supra.*

Defendant's next claim of error is that the trial court's instructions regarding the malice element of felony murder were improper and confusing. See *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976). The trial court instructed the jury as follows:

"[S]o with respect to this type of first degree murder, which is sometimes referred to as felony murder, in respect to this type of first degree murder, the People *must prove each of the following elements* beyond a reasonable doubt.

\* \* \*

"Third, that at the time of the shooting of Mr. Seger, the Defendant either intended that he should die, *or* that he consciously intended to commit or assist another person in the commission of a robbery, burglary, or larceny of any kind.

\* \* \*

"And five, that at the time of the shooting of Mr. Seger, there was malice on the part of the Defendant; that is to say, that he intended to kill, or that he consciously created a very high degree of risk of death with knowledge of the probable consequences of his act, and that he did so under circumstances which do not constitute justification, excuse or mitigation." (Emphasis added.)

Defendant concedes that element five of the court's instructions was a proper instruction on the matter of malice; however, he argues that the third element above was inconsistent in that it permitted the jury to convict defendant without finding malice so long as they found that defendant consciously intended to commit the underlying crime. However, the trial court's introductory statement was that "each of the following elements" must be proved. Therefore, the jury was instructed that element five must be proved in addition to proof of element three. Reading the jury instructions as a whole, there was no reversible error. *People v Choate,* 88 Mich App 40, 45; 276 NW2d 862 (1979).

Defendant's last claim of error is predicated upon the trial court's failure to instruct the jury that, in order to convict defendant of first-degree murder, they must be in unanimous agreement either that defendant directly committed the crime or that defendant aided and abetted in the commission of the crime. GCR 1963, 512.1. Defendant argues that the trial court's omission could have resulted in the jury's reaching an improper compromise verdict, some members of the jury finding defendant guilty as the principal and others of the jury finding defendant guilty, instead, as an aider and abettor.

Defendant cites *People v Olsson,* 56 Mich App 500, 505-506; 224 NW2d 691 (1974), in support of his contention. In *Olsson,* the defendant was charged with first-degree murder and the jury was instructed that the defendant could be convicted under a theory of felony murder or under a theory of premeditated murder. The Court of Appeals found that the instruction did not adequately inform the jury of their duty to make a unanimous finding as to whether the defendant was guilty of

either felony murder or premeditated murder. The Court held this to be reversible error because of the possibility that a compromise verdict was reached.

In *People v Burgess,* 67 Mich App 214; 240 NW2d 485 (1976), the trial court had not instructed the jury that they must be unamious in their agreement as to the theory of guilt. The issue on appeal was whether the jury had consequently convicted the defendant under alternative theories of participation as the principal or as an aider and abettor. The Court of Appeals held that any jurors who found that defendant was guilty as a principal must necessarily have also found the defendant guilty of aiding and abetting the coprincipal in the commission of the crime. *Burgess, supra.* Combining the necessary finding of these jurors with the findings of any other jurors who believed that defendant was guilty only as an aider and abettor, the Court concluded that the result must have been a unanimous verdict of guilt as an aider and abettor.

In the present case, the defense theory was that defendant was not guilty and that one C. J. Green was the principal. The prosecution theory was that defendant was either the principal or aided and abetted the commission of the crime and that Green either had no criminal involvement, was an aider and abettor, or was the principal. There was no evidence, as in *Burgess,* that both defendant and Green were coprincipals. Thus, the evidence in the present case was not such that any juror finding defendant guilty as a principal would necessarily have had to find him guilty, also, as an aider and abettor, or vice-versa. Accordingly, it is conceivable that the jury in the present case reached a compromise verdict.

Nonetheless, despite the possibility that the trial court's instructions in the present case might have led to the jury's reaching a compromise verdict, the error does not require reversal since defendant failed to object to the trial court's instructions in this regard. In *People v Embree,* 70 Mich App 382, 383; 246 NW2d 6 (1976), the defendant was charged with first-degree murder and the trial court failed to instruct the jury that a guilty verdict must be based on their unanimous agreement as to the theory of guilt—felony murder or premeditated murder. The Court stated:

"No objection to the charge delivered was lodged by the defendant. In the absence of objection we will reverse the defendant's conviction only upon a demonstration that manifest injustice has occurred. *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972)."

Citing *People v Fullwood,* 51 Mich App 476, 481; 215 NW2d 594 (1974), *lv den* 393 Mich 785 (1975), for support, the *Embree* Court subsequently held that, since evidence of both felony murder and premeditated murder was present in abundance, the jury's verdict should be preserved. See also *People v Paintman,* 92 Mich App 412, 418; 285 NW2d 206 (1979), and *People v Embree,* 68 Mich App 40, 43; 241 NW2d 753 (1976). The same holding is appropriate in this case since substantial evidence of defendant's guilt both as a principal and as an aider and abettor was presented at trial.

Further reason for holding that no manifest injustice will result if the jury's verdict is affirmed can be found in *People v Fullwood, supra.* In that case, the Court equated the evils of a compromise (nonunanimous) verdict with the evils of a general verdict and stated as follows at 481:

"A general verdict of guilty is erroneous when the offenses charged are separate and distinct in character, provable by substantially different evidence, and punishable by different penalties."

See also *People v Huffman,* 315 Mich 134; 23 NW2d 236 (1946). In applying those criteria to the case before it, the *Fullwood* Court held that the jury's general verdict of guilt of first-degree murder, without specifying whether based on a theory of felony murder or premeditated murder, was not erroneous.

The same conclusion is mandated when those criteria are applied to the present case. Direct commission of a crime and aiding and abetting its commission are both punishable by the same penalty; the evidence required to prove either is not substantially different and both require proof of the principal's guilt; and they are not separate and distinct in character, particularly in light of the statute which abolishes the common-law distinctions between direct commission and aiding and abetting.[3] Accordingly, this Court finds no manifest injustice requiring reversal of defendant's conviction.

Affirmed.

---

[3] MCL 767.39; MSA 28.979. See also *People v Clark,* 57 Mich App 339, 344; 225 NW2d 758 (1975), and *Burgess, supra,* 222.