PEOPLE v SMIELEWSKI

Docket No. 169592. Submitted April 4, 1995, at Lansing. Decided
October 20, 1995, at 9:05 A.M. Leave to appeal sought.

Timothy R. Smielewski was charged in the Livingston Circuit
Court with armed robbery and possession of a firearm during
the commission of a felony. He moved to suppress his confes-
sion to the police regarding the armed robbery that he made
while in jail with regard to a separate concealed weapon
charge, arguing that his confession was obtained in violation of
his right to counsel, which the defendant had invoked with
respect to the concealed weapon charge. The court, Stanley J.
Latreille, J., granted the motion and dismissed the armed
robbery and felony-firearm charges. The people appealed.

The Court of Appeals *held:*

1. The defendant's concealed weapon charge was not suffi-
ciently intertwined with or factually related to the armed
robbery that occurred ten days before the defendant's arrest for
the concealed weapon charge. No factual nexus existed between
the two criminal acts. When a defendant is interrogated after
being arraigned and the interrogation involves charges unre-
lated to those for which the defendant has been arraigned, the
defendant's Sixth Amendment right to counsel invoked at the
arraignment, the institution of the criminal prosecution, is
inapplicable to the interrogation.

2. The concealed weapon charge and the armed robbery and
felony-firearm charges are not related or connected and do not
rest on substantially identical facts. The charges were neither
connected nor part of the same criminal episode or transaction
and share no factual nexus. The Sixth Amendment right to
counsel invoked with respect to the concealed weapon charge
did not extend to the armed robbery and felony-firearm
charges.

3. The defendant's confession regarding the armed robbery
was not impermissibly tainted because the police first briefly

REFERENCES

Am Jur 2d, Criminal Law §§ 732-763, 967-992, 996, 997.

Accused's right to assistance of counsel at or prior to arraignment.
5 ALR3d 1269.

questioned the defendant about the concealed weapon charge before asking him about the armed robbery.

4. The trial court erred in suppressing the defendant's statements to the police that were voluntarily made after the defendant waived his *Miranda* rights and implicated himself in the armed robbery.

Reversed and remanded.

1. CRIMINAL LAW — RIGHT TO COUNSEL.

A defendant's invocation of the Sixth Amendment right to counsel during judicial proceedings is distinct from invocation of the Fifth Amendment right to counsel during custodial interrogation; the Sixth Amendment right, which is offense-specific and cannot be invoked once with respect to all future prosecutions, attaches only at or after adversarial judicial proceedings have been initiated (US Const, Ams V, VI).

2. CRIMINAL LAW — RIGHT TO COUNSEL.

A defendant's request for court-appointed counsel at an arraignment does not invalidate a waiver of the defendant's right to counsel during a subsequent police-initiated interrogation concerning a different and unrelated offense; when a defendant is interrogated after being arraigned and the interrogation involves charges unrelated to those for which the defendant was arraigned, the defendant's Sixth Amendment right to counsel invoked at arraignment is inapplicable to the interrogation (US Const, Am VI).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *David L. Morse,* Prosecuting Attorney, and *Daniel J. Garber, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*Steven A. Ramey,* for the defendant on appeal.

Before: CORRIGAN, P.J., and MARKEY and J. R. ERNST,* JJ.

MARKEY, J. The people appeal as of right from the trial court's order suppressing defendant's statements to the police and dismissing charges against defendant of armed robbery, MCL 750.529;

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), for lack of admissible evidence. Defendant moved to suppress his confession to the police regarding the armed robbery that he made while in jail as a result of a concealed weapons charge, arguing that those statements were obtained in violation of his right to counsel, which defendant had invoked with respect to the concealed weapons charge. We reverse.

Defendant was arrested for carrying a concealed weapon in a motor vehicle (ccw) on October 31, 1992, and was arraigned on November 1, 1992. At the arraignment, defendant requested an attorney and the court ordered that counsel be appointed. While defendant was incarcerated with regard to the ccw charge, a state trooper investigating an October 21, 1992, armed robbery questioned defendant at the Livingston County Jail on November 2, 5, and 7, 1992. Before each interview, the trooper read defendant his *Miranda*[1] rights, after which defendant signed a waiver of those rights. At the November 2 session, the trooper asked defendant a few questions about his ccw arrest as a prelude to questioning him about the circumstances of the armed robbery. The trooper also asked defendant about his car and why he had the gun, a jacket, and a ski mask in his car.[2] Defendant denied any knowledge about or involvement in the robbery at that time.

At the November 5 session, the trooper again briefly mentioned the gun and the ccw charge as a means of broaching the armed robbery topic. De-

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] Apparently, the robbery victim's description of the jacket worn by the masked robber and the robber's vehicle matched defendant's vehicle and the jacket found in his vehicle.

fendant then admitted to the trooper that he had planned the robbery, supplied the gun used in the robbery, drove the getaway car, and split the money with the actual holdup man. Defendant also admitted that he was involved in approximately fifteen other armed robberies in Wayne County. During this interview, the trooper specifically asked defendant whether he wanted a lawyer, and defendant replied that he did not. Near the end of the session, however, defendant asked that the questioning stop, and the trooper complied.

On November 7, however, the trooper returned to the jail and met with defendant for a third time. The trooper had spoken to defendant's alleged accomplice in the armed robbery, and he wanted to confront defendant with the accomplice's statement that he was not involved in the robbery. Defendant told the trooper that the suspect was lying and made other self-incriminating statements. Again, as with each session, the trooper read defendant his *Miranda* rights, and defendant signed the waiver form before questioning began.

On January 4, 1993, defendant was charged with armed robbery and felony-firearm for the October 21, 1992, robbery. Defendant then filed a motion to suppress his statements to the trooper on the ground that they were obtained in violation of his right to counsel. After a *Walker* [3] hearing, the trial court partially granted the motion and suppressed defendant's statements made at the November 7 session. The court denied the motion, however, with respect to the other two sessions because the facts underlying the two charges were not sufficiently intertwined to create a factual nexus pur-

[3] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

suant to *People v Buckles,* 155 Mich App 1, 7-8; 399 NW2d 421 (1986).

In summary, this Court denies the defendant's motion to suppress statements about this robbery obtained in the first two interviews because the Court does not believe that the ccw and the robbery are so intertwined that the Sixth Amendment right to counsel was violated. The Court also rejects the argument that the questioning about the ccw case so tainted the statements about the robbery that all statements obtained in any of the interviews must be suppressed. However, the Court does suppress any statement about the robbery in this file obtained in the third interview [because, according to *People v Catey,* 135 Mich App 714, 725; 356 NW2d 241 (1984), a suspect may not be requestioned on the same subject after he has once asked that the interrogation be terminated, even if he has received his *Miranda* warnings and a significant period of time has passed since the previous interview].

Upon reconsideration, however, the trial court reversed in part its earlier decision and suppressed all statements that defendant made to the trooper regarding the armed robbery. According to the court, the trooper questioned defendant about the ccw charge in the hope of obtaining information from him about the armed robbery because both events involved similar guns and similar vehicles. Apparently, the court believed that the trooper's decision to question defendant in this manner was persuasive evidence that the facts underlying these two charges were sufficiently intertwined to create a factual nexus (even though the court originally found no such nexus). The trial court believed that these questions tainted defendant's statements about the armed robbery, so the court granted defendant's motion to reconsider its mo-

tion to suppress. The people appeal, and we reverse.

This case presents an issue of first impression to this Court: how "related" must two criminal acts be in order to extend a defendant's properly asserted Sixth Amendment right to counsel concerning one crime to a second crime with which the defendant has not yet been charged. Under the facts of this case, we believe that defendant's ccw charge was not sufficiently intertwined with or factually related to the armed robbery that occurred ten days before the ccw arrest. Accordingly, no factual nexus existed between the two criminal acts and the trial court erred in suppressing defendant's voluntary statements to the trooper regarding his involvement in the October 1992 armed robbery because the statements were not taken in violation of defendant's right to counsel.

A defendant's invocation of his Sixth Amendment[4] right to counsel during judicial proceedings is distinct from the invocation of his Fifth Amendment[5] right to counsel during custodial interrogation. *McNeil v Wisconsin,* 501 US 171, 177-180; 111 S Ct 2204; 115 L Ed 2d 158 (1991); *Buckles, supra* at 5-6. The Sixth Amendment right, which is offense-specific and cannot be invoked once for all future prosecutions, attaches only at or after adversarial judicial proceedings have been initiated.

---

[4] The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." US Const, Am VI; see Const 1963, art 1, § 20.

[5] The Fifth Amendment recognizes a person's right not to be "compelled in any Criminal Case to be a witness against himself," US Const, Am V, but it does not expressly grant a right to counsel. In *Miranda v Arizona,* 384 US 436, 466; 86 S Ct 1602; 16 L Ed 2d 694 (1966), however, it was recognized that an attorney's presence during a custodial interrogation is one method of securing the right to be free from compelled self-incrimination. *Buckles, supra* at 6.

*McNeil, supra* at 174-177; *People v Bladel (After Remand),* 421 Mich 39, 52; 365 NW2d 56 (1984), aff'd sub nom *Michigan v Jackson,* 475 US 625; 106 S Ct 1404; 89 L Ed 2d 631 (1986).

The Fifth Amendment right to counsel simply refers to the right to have an attorney present at a custodial interrogation; this right is not, therefore, implicated when a defendant requests an attorney at arraignment. *Buckles, supra* at 5-7. One may waive his Fifth Amendment right to counsel by voluntarily waiving his *Miranda* rights after arraignment. *Buckles, supra* at 7, citing *Miranda v Arizona,* 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

In comparison, once the Sixth Amendment right to counsel has been invoked, any subsequent waiver during a police-initiated custodial interview is ineffective with respect to the formal charges filed against the defendant. *McNeil, supra* at 174-175. " 'Incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses.' " *Id.* at 176, quoting *Maine v Moulton,* 474 US 159, 180, n 16; 106 S Ct 477; 88 L Ed 2d 481 (1985). Indeed, a defendant's request for court-appointed counsel at an arraignment does not invalidate a waiver of the defendant's right to counsel under *Miranda* during a subsequent police-initiated interrogation concerning a different and unrelated offense. *People v Crusoe,* 433 Mich 666, 691; 449 NW2d 641 (1989). Thus, when a defendant is interrogated after being arraigned and the interrogation involves charges unrelated to the arraigned charges, the defendant's Sixth Amendment right invoked at arraignment—the initiation of the criminal prosecution—is inapplicable to the interrogation. *Buckles, supra*

at 7-8, citing *State v Sparklin*, 296 Or 85, 96-99; 672 P2d 1182 (1983).

While we review for clear error a trial court's ruling with regard to a motion to suppress evidence on legal grounds, *People v Bordeau*, 206 Mich App 89, 92; 520 NW2d 374 (1994), the " '[a]pplication of constitutional standards by the trial court is not entitled to the same deference as factual findings.' " *Id.*, quoting *People v Nelson*, 443 Mich 626, 631, n 7; 505 NW2d 266 (1993). Before we can conduct a factual determination to resolve the issue of relatedness between the charged and uncharged offenses in this case, we must define the term "related." Black's Law Dictionary (6th ed), p 1288, defines "related" as "[s]tanding in relation; connected; allied; akin." It also defines "related claim" as a "claim resting on substantially identical facts." *Id.*; see also MCR 2.203(A)(1).[6] The *Random House Webster's College Dictionary* (1995), p 1136, defines "related" as "associated; connected" and "relation" as "a significant association between or among things; connection; relationship: *the relation between cause and effect*." Also, "it is the factual similarity between the crimes and not the charges filed which determines whether the crimes are 'related'." *Sparklin*, *supra* at 96.

Applying these definitions to the facts of this case, we believe that the October 1992 CCW charge and the January 1993 armed robbery and felony-firearm charges (stemming from the October 1992 robbery) are not related or connected and do not rest on substantially identical facts. The CCW ar-

---

[6] Black's Law Dictionary refers to FR Civ P 18(a), the federal equivalent of MCR 2.203(A)(1), which requires a pleader to join every claim against the opposing party "if it arises out of the transaction or occurrence that is the subject matter of the action." Thus, the concept of related claims also includes claims with a common genesis in a transaction or occurrence.

rest arose out of an apparent automobile accident involving defendant's vehicle; the police found alcohol and defendant's gun in the vehicle, which led to defendant's arrest for ccw. The armed robbery and felony-firearm felony complaint arose out of a robbery that took place ten days before the ccw arrest. An eyewitness identified a vehicle matching the description of defendant's vehicle, and his description of the perpetrator's clothing matched items of clothing found in defendant's car. Although both charges involve the same vehicle and both involve the possession or use of a gun, these charges were neither connected nor part of the same criminal episode or transaction; in short, they share no factual nexus. Compare *Sparklin, supra* at 98.[7] Notably, the record reveals no evidence that the gun seized as a result of the ccw charge matched or was identified as the gun used in the armed robbery. Consequently, we are not persuaded that the gun provided any factual connection between the two cases.

Accordingly, we believe that the armed robbery charge was unrelated to the ccw charge, so the Sixth Amendment right to counsel, an offense-spe-

[7] In *Sparklin, supra,* the defendant was charged with forgery. The police questioned him after arraignment regarding the beating and robbery of Steven Mansell, the person whose name appeared on the credit card in the defendant's possession and about a factually unrelated murder and robbery in another city. The defendant received his *Miranda* warnings and executed a waiver of his rights. During this interrogation, he confessed to participating in the murder and this confession was used against him at trial to secure his conviction. *Sparklin, supra* at 87. The *Sparklin* court found that the defendant was represented by an attorney for the crimes against Mansell, so interrogation regarding this subject was improper and no waiver could be given. *Id.* at 98. "However, with regard to the unrelated Davidson case, defendant's waiver is valid. This is not a situation where a waiver was obtained by exploitation of illegal conduct." *Id.* Critically, the mere fact that the police interrogated the defendant with respect to both related and unrelated criminal charges after obtaining the defendant's *Miranda* waiver did not bar the admission of the defendant's confession regarding the unrelated murder and robbery charges.

cific right, that defendant invoked with respect to the ccw charge did not extend to the armed robbery and felony-firearm charges. *McNeil, supra* at 174-177.

We further note that the trial court believed that because the trooper first questioned defendant about the ccw charge before asking him about the armed robbery, defendant's confession regarding the latter charge was impermissibly tainted. We disagree. See *Sparklin, supra*;[8] see also *Buckles, supra* at 4.[9] Our review of the record shows that the trooper's questions regarding the ccw charge were cursory at best and did not taint the balance of the November 5 session where defendant admitted participation in the armed robbery.[10]

We recognize that the distinction between related and unrelated criminal charges is an important one when dealing with the protections afforded by the Sixth Amendment right to counsel. As the United States Supreme Court stated in *McNeil, supra* at 180-181, however, if persons in pretrial custody for serious offenses were unapproachable by police officers suspecting them of involvement in other crimes, even though the

[8] See n 7.

[9] In *Buckles, supra,* after the defendant was arraigned on charges relating to a stolen car, the defendant was interrogated and waived his *Miranda* rights. The police questioned him about stolen cars, i.e., the charged offense, before he implicated himself in an armed robbery. The statements were admitted into evidence, and this Court upheld the defendant's armed robbery conviction. Thus, the trial court correctly refused to strike the defendant's confession regarding the unarraigned charge merely because the police began the interrogation by discussing the charged offense or incidents similar to the charged offense.

[10] Defendant has failed to provide factually similar case law to support his assertion that the "fruits of the poisonous tree" principle applies to this case. Cf. *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963). This Court will not search for authority to support a party's position. *People v Hoffman,* 205 Mich App 1, 17; 518 NW2d 817 (1994).

offenders never expressed any unwillingness to be questioned, the public would suffer. Indeed,

> [a]dmissions of guilt resulting from valid *Miranda* waivers "are more than merely 'desirable'; they are essential to society's compelling interest in finding, convicting, and punishing those who violate the law." [*Id.* at 181 quoting *Moran v Burbine,* 475 US 412, 426; 106 S Ct 1135; 89 L Ed 2d 410 (1986). Citations omitted.]

Thus, because defendant's Sixth Amendment right to counsel attached only to the CCW charge, the trial court clearly erred in suppressing defendant's statements to the police that were voluntarily made after defendant waived his. *Miranda* rights and implicated himself in the armed robbery. Accord *McNeil, supra* at 175-177; *Sparklin, supra* at 96-98.

Reversed and remanded for reinstatement of the criminal charges against defendant with respect to the October 21, 1992, armed robbery and felony-firearm possession. We do not retain jurisdiction.