PEOPLE v SMIELEWSKI

Docket No. 208416. Submitted February 10, 1999, at Detroit. Decided April 9, 1999, at 9:25 A.M.

Timothy R. Smielewski was charged in the Livingston Circuit Court with armed robbery and possession of a firearm during the commission of a felony. The defendant moved for the suppression of evidence of a confession he made to the police while he was incarcerated for a conviction of carrying a concealed weapon (CCW). The court, Stanley J. Latreille, J., granted the motion and dismissed the charges of armed robbery and felony-firearm, ruling that the confession was obtained in violation of the defendant's right to counsel, which he had invoked when arraigned on the CCW charge. The Court of Appeals, CORRIGAN, P.J., and MARKEY and J. R. ERNST, JJ., reversed and remanded for reinstatement of the charges, holding that the right to counsel invoked for the CCW charge did not apply to the armed robbery and felony-firearm charges because the CCW charge had not been sufficiently intertwined with or factually related to the other charges. 214 Mich App 55 (1995). The defendant filed an application for leave to appeal in the Supreme Court, and leave to appeal was denied on December 10, 1996. 453 Mich 969 (1996). While the application was pending, the Court of Appeals, on June 26, 1996, remitted the record in this case to the trial court. On July 15, 1997, a jury trial commenced with regard to the armed robbery and felony-firearm charges. The defendant was convicted as charged and was sentenced as a fourth-offense offender. The defendant appealed.

The Court of Appeals held:

1. The 180-day rule, MCL 780.131; MSA 28.969(1), which requires a prosecutor to bring an inmate to trial within 180 days of receiving notice of the inmate's place of incarceration, was not violated in this case. Generally, when an appeal is pending in the Court of Appeals, the 180-day period begins to run when the Court of Appeals returns the case to the trial court. However, in this case, the period was tolled when the defendant applied for leave to appeal in the Supreme Court and remained tolled until leave to appeal was denied on December 10, 1996. The defendant's trial commenced within the prescribed period, as tolled for his appeal to the Supreme Court.

2. The trial court did not err in instructing the jurors that they could convict the defendant of armed robbery if they all found that he participated in the robbery as a principal or as an aider and abettor without having to reach unanimity with regard to whether he was a principal or an aider and abettor. MCL 767.39; MSA 28.979 abolished the common-law distinction between an accessory before the fact and a principal, such that an aider and abettor may be tried and convicted as though having directly committed the offense. The trial court's instructions regarding jury unanimity were adequate in light of ample evidence of guilt as a principal and guilt as an aider and abettor.

Affirmed.

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

The 180-day period within which a prosecutor must commence a trial with regard to an outstanding charge against an inmate is tolled during the pendency of the inmate's appeal to the Supreme Court (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — PRINCIPALS — AIDER AND ABETTORS — JURY INSTRUCTIONS.

A defendant's right to a unanimous jury verdict is not violated where the trial court instructs the jurors that they can convict the defendant if they all find that the defendant participated in the charged crime as a principal or as an aider and abettor without having to reach unanimity with regard to whether the defendant was a principal or an aider and abettor, as long as ample evidence of s guilt as a principal and guilt as an aider and abettor is presented by the prosecution (MCL 767.39; MSA 28.979).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David L. Morse*, Prosecuting Attorney, and *Daniel J. Garber, Jr.*, Chief Assistant Prosecutor, for the people.

*Edward D. Wishnow*, for the defendant on appeal.

Before: MURPHY, P.J., and GAGE and ZAHRA, JJ.

MURPHY, P.J. Following a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced as an habitual offender,

fourth offense, MCL 769.12; MSA 28.1084, to consecutive sentences of twelve to forty years' imprisonment for the armed robbery conviction and two years' imprisonment for the felony-firearm conviction. Defendant appeals from his convictions as of right. We affirm.

Certain preliminary facts of this case are set forth in *People v Smielewski*, 214 Mich App 55; 542 NW2d 293 (1995). There, a panel of this Court reinstated and remanded for trial the charges that underlie this appeal. Defendant's convictions in this case arise from his involvement in an armed robbery. The victim of the armed robbery was unable to identify her assailant; however, following defendant's arrest for carrying a concealed weapon (CCW), he was questioned by the police regarding his involvement in the armed robbery, and he told the police that, although he did not personally commit the armed robbery, he participated in the crime as the getaway driver. Defendant identified another individual as the principal.

Defendant first argues that the trial court erred in not dismissing the charges against him because the prosecutor violated the 180-day rule. The 180-day rule, codified at MCL 780.131; MSA 28.969(1), requires the prosecutor to bring an inmate to trial within 180 days of receiving notice of the inmate's place of incarceration. See also MCR 6.004(D). The purpose of the rule is to dispose of untried charges against prison inmates so that sentences can run concurrently. *People v Connor*, 209 Mich App 419, 425; 531 NW2d 734 (1995).

A brief description of the procedural history of this case is necessary to resolve this issue. On October 31,

1992, defendant was charged with CCW. Defendant subsequently pleaded guilty to the charge. On November 15, 1993, defendant was sentenced as an habitual offender to five to ten years' imprisonment for the underlying offense of CCW. While incarcerated on this charge, the police questioned defendant regarding the armed robbery, and defendant made statements that implicated him in the armed robbery. Accordingly, defendant was charged with armed robbery and felony-firearm. Before his trial on these charges, however, defendant moved to suppress the incriminating statements that he made while incarcerated on the CCW charge. Following a *Walker*[1] hearing and a rehearing, the trial court granted defendant's motion to suppress the statements and dismissed the armed robbery and felony-firearm charges.

The prosecutor appealed the dismissal of the charges to this Court, and on October 20, 1995, this Court in *Smielewski, supra,* reversed the trial court's order and remanded the case for reinstatement of the charges against defendant. On March 6, 1996, defendant filed a delayed application for leave to appeal to our Supreme Court, which the Supreme Court denied on December 10, 1996. 459 Mich 969 (1996). However, while defendant's application to the Supreme Court was pending, this Court, on June 26, 1996, remitted the record in this case to the trial court. Defendant's trial commenced on July 15, 1997.

Defendant claims that the 180-day rule was violated because he should have been brought to trial within 180 days of this Court's June 26, 1996, order remitting the record in this case to the trial court. This would

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

have required a trial date in December 1996. The prosecutor, however, contends that, because defendant caused the delay through his appellate action in the Supreme Court, the 180-day period did not commence until December 10, 1996, when the Supreme Court denied defendant's delayed application for leave to appeal. We agree with the prosecutor.

Although defendant is correct that, for purposes of the 180-day rule, when an appeal is pending in this Court, the 180-day period generally begins to run when this Court returns the case to the trial court, *People v Hatfield*, 177 Mich App 324, 328; 441 NW2d 76 (1989), remanded on other grounds 433 Mich 918 (1989), this Court has held that the 180-day period is tolled during the pendency of a defendant's appeal to our Supreme Court, *People v Hill*, 144 Mich App 735, 741-742; 376 NW2d 396 (1985). Therefore, although this Court on June 26, 1996, returned this case to the circuit court, defendant on March 6, 1996, had already filed a delayed application for leave to appeal to our Supreme Court, thereby tolling the running of the 180-day period until the Supreme Court denied the application on December 10, 1996. Accordingly, the delay is chargeable to defendant, and the provisions of MCL 780.131; MSA 28.969(1) were not violated.

Defendant next argues that the trial court erred in the manner in which it instructed the jury at the close of trial with respect to the jury's responsibility to return a unanimous verdict. Defendant maintains that the trial court erred in instructing the jury that it could convict defendant of armed robbery if it unanimously agreed either that defendant acted as a principal or an aider and abettor in the offense, but that the jury did not have to unanimously agree on which of

the two theories the defendant was guilty. The trial court instructed the jury as follows:

> You may convict the defendant of armed robbery if you find either that he himself robbed [the victim] or assisted another person in committing that crime. You do not have to agree whether he was the person who actually confronted the victim or was an aider and abettor, so long as you all agree he participated in the robbery either as the robber or as an aider and abettor.

Defendant specifically objected to this instruction at trial, and he contends again on appeal that the trial court's instruction could have resulted in the jury reaching a compromise verdict. We disagree.

In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement. *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994). We first note, however, that if the jury did not unanimously agree whether defendant acted as a principal or an aider and abettor in the offense, but did unanimously agree that he participated in the armed robbery as one or the other, it would be a mischaracterization of the verdict to designate it as the product of jury compromise. Our Supreme Court, in *People v Ramsey*, 422 Mich 500, 514-515; 375 NW2d 297 (1985), discussed the evils associated with jury compromise as follows:

> All members of a criminal jury must agree beyond a reasonable doubt to the same verdict. That is not to say that individual jurors cannot change their initial view of a case and ultimately reach a common ground with the others. Provided that in the end all jurors agree beyond a reasonable doubt as to the verdict, there is absolutely no prohibition of a juror changing positions during deliberations.

Juror deliberations, however, must be distinguished from juror compromise. When jurors give up their beliefs to settle on a common ground with other jurors, who may have also abandoned their convictions in the interest of agreement, a compromise verdict results. When jurors forsake their convictions simply to reach a verdict, the defendant has not been found guilty beyond a reasonable doubt by all members of the jury.

The trial court's instruction in the present case did not sanction impermissible jury compromise. Rather, if the jury was unable to unanimously agree whether defendant acted as a principal or an aider and abettor in the offense, but did unanimously agree that he participated in the crime as one or the other, the jury's verdict of guilty would be supported by the evidence and specifically authorized by the trial court's instruction. Such a verdict would be the result of permissible jury deliberation because all members of the jury would have found defendant guilty beyond a reasonable doubt consistent with the trial court's instruction. Therefore, defendant's challenge to the trial court's instruction in this case should not be understood as a challenge to the potential for a possible compromise verdict, but, rather, as presenting the question whether the trial court's charge to the jury accurately reflects the law. We conclude that it does.

In 1927, our Legislature passed MCL 767.39; MSA 28.979, which abolished the common-law distinction between an accessory before the fact (aider and abettor) and a principal. The statute provides that "[e]very person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had

directly committed such offense." The Legislature's purpose in passing this statute was to abolish the common-law distinction between accessories before the fact and principals so that one who counsels, aids, or abets in the commission of an offense may be tried and convicted as if he had directly committed the offense. *People v Palmer*, 392 Mich 370, 378; 220 NW2d 393 (1974).

In *People v Burgess*, 67 Mich App 214; 240 NW2d 485 (1976), a panel of this Court addressed an issue similar to that raised by defendant in this case. In *Burgess*, at the close of proofs, the trial court did not instruct the jury that it must be unanimous in its agreement with respect to the prosecutor's theory of the defendant's guilt—either that the defendant participated in the crime as a principal or an aider and abettor. The issue on appeal was whether the instruction raised the specter that the jury had impermissibly convicted the defendant under the alternative theories of participation without unanimously agreeing on the defendant's role in the offense. After carefully examining the evidence, this Court held that any jurors who found that the defendant was guilty as a principal must necessarily have also found the defendant guilty of aiding and abetting the coprincipal in the commission of the crime. *Id.*, 220. This Court, therefore, concluded that the result must have been a unanimous verdict of guilt as an aider and abettor. Furthermore, this Court cited MCL 767.39; MSA 28.979 and stated that "[w]ith the abolition of the common law distinction between a principal and an aider and abetter, the defendant cannot complain if some members of the jury found his participation in

the crime to be more substantial than did the remaining members of the jury." *Id.*, 222.

In *People v Ewing (On Remand)*, 102 Mich App 81; 300 NW2d 742 (1980), a panel of this Court, again, addressed a claim similar to that raised in the present case. In *Ewing*, the trial court failed to instruct the jury that in order to convict the defendant of first-degree murder, it must be in unanimous agreement either that the defendant directly committed the crime as a principal or aided and abetted in the commission of the crime. Unlike in *Burgess*, however, there was no evidence from which this Court could conclude that any juror who decided that the defendant was guilty as a principal would necessarily have found the defendant guilty as an aider and abettor, or vice-versa. Consequently, this Court acknowledged that it was conceivable that the jury reached a "compromise verdict."[2] *Id.*, 88.

Nonetheless, this Court in *Ewing* refused to reverse the defendant's conviction, stating that because the defendant failed to object to the challenged instruction at trial, review was limited to whether manifest injustice would result if the Court affirmed the jury's verdict. This Court stated that because the prosecutor presented substantial evidence of the defendant's guilt at trial, both as a principal and an aider and abettor, the jury's verdict should be preserved. Further, this Court instructed:

---

[2] As we discussed herein, to characterize a jury's decision as a potential "compromise verdict" in the face of jury instructions such as those given in *Ewing* and the present case is not an accurate description of the jury's decision.

> Direct commission of a crime and aiding and abetting its commission are both punishable by the same penalty; the evidence required to prove either is not substantially different and both require proof of the principal's guilt; and they are not separate and distinct in character, particularly in light of the statute which abolishes the common-law distinctions between direct commission and aiding and abetting. [MCL 767.39; MSA 28.979.] Accordingly, this Court finds no manifest injustice requiring reversal of defendant's conviction. [*Id.*, 90.]

The panels in both *Burgess, supra,* and *Ewing, supra,* embarked on their analyses of the challenged jury instructions by citing *People v Olsson,* 56 Mich App 500; 224 NW2d 691 (1974). In *Olsson,* the defendant was charged with first-degree murder. The trial court instructed the jury that it must unanimously agree on a verdict, but that it could convict the defendant of first-degree murder if it accepted either of the prosecutor's theories of felony murder or premeditated murder. On appeal, this Court commented with regard to the instruction as follows:

> We feel that these instructions did not adequately inform the jury of their duty to make a unanimous finding as to whether defendant was guilty of premeditated murder or murder in the perpetration of a felony. We agree with defendant that on the basis of these instructions, it is possible that the jury arrived at a compromise verdict, that is, some members of the jury may have felt defendant was guilty beyond a reasonable doubt of murder in the perpetration of a robbery or larceny while the remaining members may have felt that defendant was guilty beyond a reasonable doubt of premeditated murder. Such a verdict would not be unanimous and could not convict defendant. [*Id.*, 506.]

A careful review of the panel's decision in *Olsson,* however, reveals that the determinative factor for the

*Olsson* majority was the insufficiency of evidence that the defendant committed the underlying felony of robbery, and therefore, the instruction regarding the theory of felony murder should not have been submitted to the jury in the first place. *Id.*, 504. Accordingly, we are not convinced that *Olsson* supports the general proposition that reversal is required when a jury is instructed with regard to two theories of guilt, but charged that it need not unanimously agree on a single theory in order to convict, unless, like in *Olsson*, the evidence was also insufficient to justify the submission of one of the two theories to the jury.

In this case, contrary to defendant's contention, the prosecutor presented sufficient evidence of defendant's guilt as a principal or an aider and abettor to justify the submission of both instructions to the jury. The victim of the robbery testified that a man entered the store where she was working, brandished a gun, and ordered her to place the money from the store's cash register into a bag. Although she was unable to identify the assailant, because she could not clearly see his face, she described him as a male, wearing a black and white hooded jacket, jeans, and sneakers. She also described the vehicle, which the assailant used to make his getaway, as a light blue Chrysler.

About a week later, defendant was stopped by a Michigan State Police trooper. The record is unclear regarding what precipitated the stop; however, the stop resulted in a search of defendant's vehicle, and the trooper discovered a gun in defendant's possession. The trooper also discovered a black and white hooded jacket in defendant's vehicle. Defendant admitted that the jacket belonged to him, but said the gun belonged to his father. The victim of the robbery

subsequently identified defendant's black and white jacket as the jacket worn by the assailant, and she said that the gun resembled the one carried by the robber. As indicated above, defendant was questioned regarding the armed robbery and confessed to aiding and abetting in the robbery as the getaway driver, but denied that he actually committed the armed robbery as a principal.

The elements of armed robbery are (1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute. *People v Turner*, 213 Mich App 558, 569; 540 NW2d 728 (1995). A conviction of aiding and abetting requires proof of the following elements: (1) the underlying crime was committed by either the defendant or some other person, (2) the defendant performed acts or gave encouragement that aided and assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement. *People v Genoa*, 188 Mich App 461, 463; 470 NW2d 447 (1991). On the basis of the evidence presented in this case, we find that a rational trier of fact could reasonably conclude beyond a reasonable doubt that defendant either participated in the armed robbery as a principal or as an aider and abettor because the evidence established that an armed robbery occurred and defendant admitted he aided and abetted in the robbery as the getaway driver. Therefore, the trial court properly submitted the instructions regarding both theories to the jury.

Furthermore, the panel's decision in *Olsson, supra,* can be further distinguished because the panel was presented with a trial court's failure to give a unanimity instruction with regard to the theories of premeditated murder and felony murder in order to support a conviction of first-degree murder. Thus, the panel was called to answer whether the first-degree murder statute, MCL 750.316;  MSA 28.548, which provides for various ways in which the statute can be violated, requires the jury to be in unanimous agreement with respect to the theory presented in order to convict under the statute. In the present case, however, we must decide the propriety of a trial court's decision not to give a unanimity instruction with regard to the jury's decision whether the defendant acted as a principal or an aider and abettor in the commission of an offense. We believe that this case poses a question different from that which was addressed by the panel in *Olsson,* and to the extent that *Burgess, supra,* and *Ewing, supra,* apply the rationale of *Olsson* to the law of accomplice liability, we conclude that such an application was merely dicta and otherwise not appropriate.[3]

Turning to the question presented in this case, the evidence at trial showed two distinct possibilities: one, that defendant personally committed the armed robbery as a principal, or, two, that defendant committed the crime as an aider and abettor by acting as the getaway driver for the principal. As indicated above, the prosecutor presented ample evidence to

---

[3] We express no opinion with respect to the panel's decision in *Olsson, supra,* but see *People v Fullwood,* 51 Mich App 476, 481-482; 215 NW2d 594 (1974), where a panel of this Court in an earlier decision held contra to the panel's decision in *Olsson.*

support both theories. We conclude, therefore, that merely because the jury could find from the evidence that defendant committed the charged offense of armed robbery as a principal or an aider and abettor, a unanimity instruction was not required. If the opposite were true, a defendant could escape conviction even if he openly acknowledged that he participated in the crime—as either a principal or an aider and abettor—but the jury could not agree on which of the two roles the defendant played in the commission of the crime. Such a result defies common sense. In our opinion, if each juror found that defendant committed the crime by either of such means, each juror found that the defendant committed the crime, MCL 767.39; MSA 28.979, and the jury verdict is unanimous.[4] Accordingly, we hold that under the facts of this case, where both theories presented by the prosecution were supported by the evidence and encompassed the commission of a single offense, the trial court's instruction to the jury was an adequate statement of the law, and defendant was not deprived of his right to a unanimous verdict.

Affirmed.

---

[4] See *People v Espinosa*, 142 Mich App 99, 105; 369 NW2d 265 (1985), where this Court, in the context of addressing an appeal following a joint jury trial, stated:

> So long as the jury is unanimous as to each defendant's guilt, it does not matter that their unanimity masks a hybrid panel, with some members of the view that this or that defendant acted as principal, with other members concluding the same accused aided and abetted the killing. Under Michigan law, there is no distinction. MCL 767.39; MSA 28.979.